**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

No. 04-4975

───────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SHIRLEY ACORD,

Defendant - Appellant.

───────────

Appeal from the United States District Court for the Southern
District of West Virginia, at Beckley.   David A. Faber, Chief
District Judge. (CR-03-123)

───────────

Submitted: April 29, 2005          Decided: June 14, 2005

───────────

Before NIEMEYER, WILLIAMS, and KING, Circuit Judges.

───────────

Affirmed in part; vacated and remanded in part by unpublished per
curiam opinion.

───────────

Barron M. Helgoe, VICTOR, VICTOR & HELGOE, LLP, Charleston, West
Virginia, for Appellant.  Charles T. Miller, Acting United States
Attorney, W. Chad Noel, Assistant United States Attorney,
Charleston, West Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Shirley Acord pled guilty to distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2000). In her plea agreement, she admitted to distributing 2.17 grams of cocaine base. This drug amount would have resulted in a base offense level of 20, with a corresponding guideline range of 33 to 41 months imprisonment for Acord's criminal history category. At sentencing, however, the district court found, over Acord's objection, that judicial fact-finding was permissible under <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004), and that Acord was responsible for 16.01 grams of cocaine base. Based on this drug amount, the court calculated her base offense level at 26. The district court also gave her a three-level departure for acceptance of responsibility under U.S.S.G. § 3E1.1(a) and a two-level safety-valve departure under U.S.S.G. § 5C1.2, resulting in a final offense level of 21. This offense level provides for a sentencing range of 37-46 months for Acord's criminal history category. Acord was sentenced to 42 months' imprisonment, followed by three years of supervised release.

On appeal, Acord does not challenge her conviction. She does, however, argue that her base offense level was calculated, in part, based on judicial fact-finding in violation of <u>United States v.</u>

<u>Booker</u>, 125 S. Ct. 738 (2005).[1]  We agree.  While we affirm Acord's conviction, we vacate her sentence because it was greater than that authorized by the facts she admitted in her guilty plea.  We therefore remand the case for resentencing in accordance with <u>Booker</u>.[2]

Although the sentencing guidelines are no longer mandatory, <u>Booker</u> makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing."  125 S. Ct. at 767.  On remand, the district court should first determine the appropriate sentencing range under the guidelines, making all factual findings appropriate for that determination.  <u>See</u> <u>United States v. Hughes</u>, 401 F.3d 540, 546 (4th Cir. 2005) (applying <u>Booker</u> on plain error review).  The court should consider this sentencing range along with the other factors described in 18 U.S.C. § 3553(a) (2000), and then impose a sentence.  <u>Id.</u>  If that sentence falls outside the guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C. § 3553(c)(2) (2000).  <u>Id.</u>  The sentence must be "within the

_____

[1]Acord preserved this issue for appeal by raising it in the district court.

[2]Just as we noted in <u>United States v. Hughes</u>, 401 F.3d 540, 545 n.4 (4th Cir. 2005), "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Acord's sentencing.  <u>See generally</u> <u>Johnson v. United States</u>, 520 U.S. 461, 468 (1997) (stating that an error is "plain" if "the law at the time of trial was settled and clearly contrary to the law at the time of appeal").

statutorily prescribed range and . . . reasonable." <u>Id.</u> at 546–47. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>VACATED AND REMANDED IN PART</u>